**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| **ANN J. WYLY,** ) | Civil Action No. |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| ) | |
| **THE REGIONAL MEDICAL CENTER** ) | |
| **OF ORANGEBURG AND** ) | |
| **CALHOUN COUNTIES, AND** ) | |
| **MICHELLE GRANT, IN HER** ) | |
| **INDIVIDUAL CAPACITY AND** ) | |
| **GARY FERGUSON, IN HIS** ) | |
| **INDIVIDUAL CAPACITY** ) | |
| **Defendants.** ) | |
| _____) | |

**COMPLAINT
(Jury Trial Demanded)**

Plaintiff Ann J. Wyly, complaining of the above-named Defendants, would respectfully show unto this Honorable Court the following:

### I.     PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and resident of Summerville, Dorchester County, State of South Carolina.

2. The Defendant, The Regional Medical Center of Orangeburg and Calhoun Counties (hereinafter referred to as "TRMC") is a governmental entity created by a joint ordinance of Orangeburg and Calhoun Counties, and as such is either a political subdivision of the State of South Carolina, or a special purpose District entity created by a political subdivision of the State of South Carolina. located at 3000 St. Matthews Road in the city of Orangeburg, in Orangeburg County, State of South Carolina.

1

3. Upon information and belief, Michelle Grant (hereinafter referred to as "Ms. Grant"), is a citizen and resident of Orangeburg County, State of South Carolina.

4. Upon information and belief, Gary Ferguson (hereinafter referred to as "Mr. Ferguson"), is a citizen and resident of Orangeburg County, State of South Carolina.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C.§1331 and 1343 because this action is based on 42U.S.C.§1983, 2000(d) et.seq. and 2000(e), et.seq., and 29 U.S.C.§621 through 634and the civil actions contained in this Complaint arise under the Constitution of the United States and laws of the United States.

6. Venue is proper in this Court pursuant to 28 U.S.C.§1391, because each of the Defendants are situated in, or resides in the Orangeburg Judicial Division of the United States District of South Carolina, and the alleged unlawful acts giving rise to Plaintiff's claims were committed within the geographic area of the Orangeburg County Judicial Division.

## II. FACTS

7. That the Plaintiff was an employee of the Defendant The Regional Medical Center, "TRMC" from on or about November 1, 2012 until December 29, 2014.

8. That from on or about March of 2014 through December 29, 2014, Michelle Grant, was the Supervisor of the Plaintiff during the entire time the Plaintiff worked for "TRMC".

9. That during the entire time that the Defendant Grant was the Supervisor of the Plaintiff while the Plaintiff was employed by the Defendant "TRMC", the Defendant Grant treated the Plaintiff differently and in a disparate racial manner because of the Plaintiff's race with regard to work scheduling, work assignments, promotions and working conditions,

giving preference and more favorable treatment and responses to the requests of black female employees under her supervision than she did to the Plaintiff.

10. That the Plaintiff is a 60 year old white female, and the Defendant Grant is a black female, and at all times relevant hereto the Plaintiff was over the age of 40, having been born in 1955.

11. That Defendant Gary Ferguson, a white male and at all times relevant hereto was the Laboratory Director of the Defendant TRMC and a final decision maker for the Defendant TRMC.

12. That the Administrators of the Defendant "TRMC" condoned and ratified the racially disparate treatment of the Plaintiff by the Defendant Grant with regard to the Plaintiff's working conditions, work assignments, scheduling, and promotions.

13. That on or about April 30, 2014, the Plaintiff filed a Complaint with the Vice President and Chief Information Officer of the Defendant "TRMC" complaining about the racially disparate treatment that the Plaintiff was receiving from the Defendant Grant with regard to work scheduling, work assignments, promotions and working conditions.

14. That the Plaintiff also filed the Complaint set forth in Paragraph Twelve (12) to the Human Resource Manager of the Defendant "TRMC".

15. That the Defendant Grant retaliated against the Plaintiff for the Plaintiff filing the Complaint on or about April 30, 2014 by doubling-down and increasing her racially disparate treatment of the Plaintiff by beginning to constantly harass the Plaintiff about the Plaintiff's job performance in a manner that was much worse than prior to the Plaintiff making the above stated Complaint on or about April 30, 2014.

16. That the racially disparate treatment of the Plaintiff by the Defendant Grant subsequent to the Plaintiff filing the Complaint on or about April 30, 2014, escalated to the point where the Plaintiff began to suffer with emotional distress and physical symptoms of anxiety and stress.

17. That the Defendant "TRMC" further retaliated against the Plaintiff by condoning the Retaliation by the Defendant Grant of the Plaintiff by putting the Plaintiff on probation on December 19, 2014 pursuant to retaliatory accusations made by the Defendant Grant to the Plaintiff's Complaint filed on or about April 30, 2014.

18. That the retaliation against the Plaintiff by the Defendant Grant, as condoned and ratified by the Defendant "TRMC" on December 19, 2014, caused the Plaintiff to suffer even more severe emotional distress and physical symptoms of anxiety and depression.

19. That the Plaintiff in response to being placed on probation by the Defendant "TRMC" on December 19, 2014, told the Defendant Grant, the Laboratory Director, and the Human Resource Director of the Defendant "TRMC" that the Plaintiff was going to file Racial Discrimination charges and Age Discrimination against the Defendant "TRMC" with the EEOC (Equal Employment Opportunity Commission) and then the Plaintiff was told to go home by the Administrators of the Defendant "TRMC.

20. That the Plaintiff was so distressed by the above racially disparate treatment of her, and by the retaliation of the Defendant "TRMC" acting by and through the Administrators, and employers, servants and/or agents of the Defendant "TRMC" acting within the scope of their employment with the Defendant "TRMC", that the Plaintiff had to seek medical treatment for Depression and Anxiety on or about December 22, 2014.

21. That on or about December 22, 2014, the Plaintiff was directed by her treating physician for the above physical symptoms of stress and anxiety to not go back to work.

22. That at all times relevant hereto based upon information and belief, the Defendant Gary Ferguson denied the Plaintiff full time employment opportunities with the Defendant TRMC because of the Plaintiff's age, because Defendant Gary Ferguson wanted only younger employees to fill the positions in the laboratory to save on employee benefits.

23. That the Plaintiff informed the Defendant Grant and the Laboratory Director of the Defendant "TRMC" that her treating doctor had ordered her not to return to work until at least December 29, 2014 because of the stress and anxiety the Plaintiff was suffering.

24. That on December 29, 2014, the Plaintiff did make a good faith attempt to return to work despite the stress and anxiety she was suffering and the Defendant "TRMC" further retaliated against the Plaintiff by firing the Plaintiff.

## III. FOR A FIRST CAUSE OF ACTION
## 42 U.S.C.§1981

25. That the Plaintiff repeats and re-alleges all of the preceding paragraphs as if restated verbatim hereto.

26. That the Defendants "TRMC" and Grant discriminated against the Plaintiff and interfered with her right to contract employment, in violation of 42 U.S.C.§1981 all on the basis of Plaintiff's race, by subjecting Plaintiff to racially disparate treatment.

27. That the Plaintiff suffered emotional distress, depression, anxiety and physical symptoms of stress and anxiety, and loss of income as a direct result of the above stated actions of the Defendant Grant and the Defendant "TRMC".

28. That the actions of Defendant Grant and Defendant "TRMC" were willful, reckless and with malicious disregard of the Plaintiff's federally protected rights and the Plaintiff is entitled to actual, consequential and compensatory damages, as well as reasonable attorney fees and costs under 42 U.S.C.§1981, from each of the Defendants, and punitive damage against the Defendant Grant.

### IV. FOR A SECOND CAUSE OF ACTION
### (U.S.C.§1983)

29. Plaintiff repeats and re-alleges all of the receding paragraphs as if restated verbatim hereto.

30. While acting under the color of state law, the Defendants "TRMC" and Defendant Grant discriminated against the Plaintiff on the basis of the Plaintiff's race by treating the Plaintiff differently and in a racially disparate manner than non-white employees in violation of the Plaintiff's rights to equal protection as provided for in the Fourteenth (14th) Amendment to the United States Constitution.

31. As a direct and proximate result of the conduct of the Defendants "TRMC" and Defendant Grant, in violation of 42U.S.C.§1983 and the Fourteenth (14th) Amendment of the United States Constitution, Plaintiff has been damaged in that she has suffered anxiety, stress, and physical symptoms of stress and depression, and income loss.

32. The conduct of the Defendants "TRMC" and Defendant Grant were intentional, willful, malicious, and in reckless disregard of the Plaintiff's federally protected rights and Plaintiff is entitled actual, consequential, and compensatory damages and is entitled to attorney fees and cost for bringing this action, as well as punitive damages against Defendant Grant.

## V. AGE DISCRIMINATION

33. That the Plaintiff repeats and re-alleges all of the receding paragraphs as if restated verbatim hereto.

34. That Section 29 U.S.C.§621 through 634, as amended prohibits employment discrimination against persons 40 years of age or older in the United States of America.

35. That the Defendant TRMC, acting by and through Gary Ferguson, acting within the scope of his employment with the Defendant TRMC, and in his capacity as a Final Decision maker, refused to offer full time employment opportunities to the Plaintiff on the basis of age.

36. That upon information and belief, the Defendant Ferguson implemented employment practices at the Defendant TRMC that treated employees, including the Plaintiff in a disparate manner based on age, resulting in the Plaintiff being denied equal opportunities for full time employment at the Defendant TRMC as younger employees had, and causing the Plaintiff to suffer income loss.

## V. RETALIATION

37. The Plaintiff repeats and re-alleges all of the preceding paragraphs as if restated verbatim hereto.

38. That the Defendant Grant and the Defendant "TRMC" retaliated against the Plaintiff for complaining about the racially disparate treatment the Plaintiff was receiving from the Defendant Grant and about being denied full time employment opportunities with Defendant TRMC by Defendant Gary Ferguson as above stated, by escalating the racially disparate treatment against the Plaintiff to the point where the Plaintiff suffered physical symptoms of

stress and anxiety and had to seek medical care and treatment, had to miss time from work, received negative evaluations and then was eventually terminated from employment on 12-29-14, as a result of that retaliation.

39. That the Defendants unlawful retaliation against the Plaintiff, as above stated, has directly and proximately caused the Plaintiff to suffer actual damages in the form of physical symptoms of stress and anxiety, income loss, and depression, and that the Plaintiff is entitled to actual and compensable damages, and attorney fees and costs from the Defendant "TRMC" and the Defendant Grant, and punitive damages from the Defendant Grant and Defendant Ferguson.

WHEREFORE, having fully set forth his allegations against Defendants, Plaintiff respectfully requests the following relief:

1. Compensatory damages and actual damages against all the Defendants

2. Punitive damages against Defendant Grant, and the Defendant Ferguson.

3. Attorney's fees, expert's fees, and costs; and

4. Such further relief as the Court deems just and appropriate.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL,**

Respectfully submitted,
Law Office of Lawrence C. Kobrovsky

By:/s/Lawrence C. Kobrovsky, ESQ
Federal ID Number:  5294
PO Box 1726
Charleston, SC 29402-1726

Charleston, South Carolina         Telephone:  843-853-3703
**13th** Day of March 2017         Facsimile:  843-853-2331
kobrovskyl@bellsouth.net

ATTORNEY FOR PLAINTIFF

8